FREDERICK ZOLLICOFFER *v*. CHARLES BRIGGS and others.

The signature of the petitioner to an affidavit which the law requires to be annexed to the petition, is a *sufficient signature of the petition itself.*

There is a class of exceptions which may be pleaded for the first time on the appeal; but the facts necessary to sustain them, must appear from a mere inspection of the record.

THE plaintiff is appellant from a judgment of the District Court of Concordia, *Tenney*, J.

BULLARD, J. The appellees move to dismiss this appeal on the ground that there is no legal statement of facts, no bill of exceptions, and no such assignment of errors as will enable the court to test the correctness of the judgment below.

This motion must be overruled. The assignment of errors is sufficient to call our attention to the alleged error which appears upon the record. It is in substance, that the exception to the petition, on the ground that it was not signed, was improperly sustained and the suit dismissed, because it appears that the affidavit, which was annexed to and formed a part of the petition, was signed by the petitioner, which was a sufficient signing of the petition. It seems to us, that the signature of the petitioner to an affidavit, which the law requires shall be annexed to his petition, swearing to the facts therein alleged, is a sufficient signature of the petition itself. The petition begins, in the usual form, as the petition of F. Zollicoffer; it does not appear that it was written by any body but himself, and he swears to it as his petition. We think this sufficient.

But it is urged, on the other side, that it does not appear, whether the attachment was dissolved and the suit dismissed, on that ground, or after trial upon the merits. The case is not before us upon the merits, as the parties appellant have not brought up the evidence, if any was offered on the trial. In the absence of evidence to show a trial and judgment upon the merits, we are to infer that the case went off upon the exception. Nothing shows that the exception was waived.

The answer below contained, also, a general denial. The appellees in this court, plead *res judicata*, alleging that all the mat-

ters and things involved in this suit, were finally settled and determined by this court, at the last October term, in the case of Zollicoffer v. Briggs, Lacoste & Co., reported in 19 La. 521, that suit being between the same parties, in the same capacities,' and upon the same matters in controversy.

There is a class of exceptions, which may be pleaded for the first time, on the appeal. They are such as may be pleaded at any period of the cause ; but the proof of them must appear from a mere examination of the record. Prescription is mentioned, *exempli gratia ;* but the right is given to the party to whom it is opposed, to have the cause remanded for a trial upon the plea. Code of Prac. art. 902. Admitting that the exception *rei judicatæ*, is of that class, yet, in this case, nothing in the record from the court below shows that the same matters have been previously decided by this court. To inquire into this exception would violate a well settled principle and rule of proceeding, that this court can only exercise its jurisdiction in so far as it shall have knowledge of the matters argued or contested below. Code of Prac. art. 895. 8 Mart. N. S. 435. 1 La. 323. 3 Ib. 516. 6 Ib. 402.

Believing that the court erred in dismissing the suit, and that we cannot inquire into the plea of *res judicata*, the judgment must be reversed. It is, therefore, ordered and decreed, that the judgment be reversed, and the case remanded for further proceedings according to law ; the appellees paying the costs of the appeal.

*F. B. Farrar*, for the appellant.

*Stacy*, for the defendants.