Bullard, J.
This suit was commenced by attachment. The plaintiffs sue the defendants as partners of a private unincorporated association in the State of Mississippi, called the “Real Estate Banking Company,” on several protested bills of exchange, drawn by the association, and several certificates of deposit, of which the plaintiffs allege themselves to be the holders. There was, at first, a judgment of nonsuit against the plaintiffs, but, upon a new trial being granted, the second trial resulted in a judgment against the defendants for the amount of the certificates of deposit only; and the defendants have appealed. In this court, the attorney of the appellees answers, that there is no error in the judgment to the prejudice of the appellants; but that it is erroneous as to the plaintiffs, who were entitled to a judgment for the full amount demanded, as well upon the protested bills of exchange, as upou the certificates of deposit; and he prays, that the judgment may be amended accordingly.
It is first proper to notice a motion to dissolve the attachment, which was overruled by the court. It was alleged, that there was no sufficient affidavit, the defect pointed out being, that the Judge had not signed the jurat. There is written across the affidavit the words, “ sworn and subscribed before me,” in the hand-writing of the Judge, but not signed by him. Immediately below, and on the same paper, is written the fiat, ordering the attachment to issue, which is signed by the Judge. Both the unfinished jurat and the order for the attachment, bear the same date. That order recites that the Judge had read the petition, affidavit, and documents annexed. He, therefore, acted on it as an affidavit sworn to before himself; and, in signing the order containing that expression, by the strongest implication certified that it had been sworn to before himself. We think that, if the matter set forth in that affidavit should prove to be false, evidence of the hand-writing of the deceased Judge, and his signature to the order for the attachment, together with the signature of the affiant himself, would be sufficient to support an indictment for perjury. The Judge did not err in overruling the motion to dissolve the attachment. 3 Rob. 236.
Upon the merits; the record shows that the defendants were *134 members of the association, or private partnership ; and that the instruments sued on were executed by the regular officers of the eompany, according to their mode of doing business. The liability of the defendants is, in our opinion, sufficiently established, as to the certificates of deposit.
But it becomes necessary to inquire, on the prayer of the ap-pellees, whether they are not equally liable to pay the two checks or bills of exchange sued on, which are signed by the same officers. The first is for $1450, dated August 16,1839, drawn upon the cashier of the New York Banking Company, four months after date, waiving acceptance. It appears to have been protested for non-payment, on the 16 th of December, 1839. The second is in the same form, for $1300, at four months after date, and dated August 29, 1839. It was twice protested; once on the 28th uof December, 1839, and again, on the 1st of January, 1840 ; but no notice appears to have been given to the drawers. It is shown, that the drawers had no funds in the hands of the New York Banking Company, but that they were to place funds there to meet the checks or drafts. It was not expected that the drawee would pay without such deposit. One of the witnesses testifies, that these checks or bills of exchange were not drawn against funds at that time in the hands of the New York Banking Company, but against funds to be provided by the cashier of the Real Estate Banking Company, who was then in New York, to meet them at maturity. Under such circumstance the drawers were not entitled to notice of the dishonor of the bills. Story, in his Treatise on Bills of Exchange, lays down the law to be, that “ordinarily, if the drawer-draws the bill without having funds in the hands of the drawee or expectation of funds, or any arrangement or agreement on the part of the drawee, to accept the bill, he will not be entitled fo notice, and not discharged by want thereof.” Sec. 311.
But we are of opinion that the drawers had a right to expect that the bill should be regularly presented for payment on the last day of grace. That was done with respect to the second bill which fell due on the 29th of December, and was protested for non-payment, on the 1st of January ; but the first bill does not appear to have been presented at all after the 16th of De *135 cember, and the 19th of that month was the last day of grace. The plaintiffs are, therefore, farther entitled to recover, in out opinion, the amount of the draft of the 29th of August, 1839, that is thirteen hundred dollars, with interest.
Stockton and Steele, for the plaintiffs.
Dunlap and Thomas, for the appellants.
But it is contended by the counsel for the appellants, that the Real Estate Banking Company being composed of a large number of persons, not incorporated, was not a commercial partnership, and, consequently, that each partner is bound only for his virile share ; and he contends that, in the absence of any proof as to the law of Mississippi, our own law is applicable. We are, however, of opinion, that the association was essentially a commercial partnership, within the terms of art. 2795, as it is shown they dealt in exchange, and especially in that species commonly called Kites, which is, in truth, the character of the bills sued on in this case.
It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, except as to the nonsuit in relation to the bill of exchange ; and it is further ordered and decreed, that the plaintiffs recover of the defendants, in solido, the further sum of thirteen hundred dollars, with interest at eight per cent, from the 1st of January, 1840, and costs in both courts.*

 See notice of application for a re-hearing in the case of Hatch and another v. English and another, infra.