## The State v. Andrew Arthur.

If an indictment be defective, the defendant should avail himself of the defect by demurrer, motion to quash, or motion in arrest of judgment. He can not rely only on an assignment of errors apparent on the face of the indictment, made in the petition of appeal.

APPEAL from the First District Court of New Orleans, *Robertson*, J.

*I. E. Morse*, Attorney General, for the State. *Holland*, for defendant and appellant.

Spofford, J.    The prisoner was convicted of having paid false and counterfeited coin to one *O'Hanlon*, knowing the same to be false and counterfeited.

By the judgment of the District Court he was sentenced to imprisonment at hard labor in the penitentiary for the term of ten years, and to pay the cost of prosecution.

On the second day after this sentence was pronounced, his counsel filed a petition for an appeal, based upon certain errors alleged to be apparent on the record, and which he proceeded to assign as follows:—

The indictment is invalid and void in this:

1. It does not charge that the act of paying the piece of coin alleged to be false and counterfeited was done feloniously, nor with the intent to defraud any person or persons.

2. That the said piece of coin so alleged to have been paid by the prisoner is not described in the said indictment with the certainty required by the Constitution and laws of this State.

3. That the said indictment does not commence or conclude in the sacramental words of the Constitution of the State of Louisiana.

4. That this honorable court has no jurisdiction over the offence charged in the said indictment against the said *Andrew Arthur*.

An appeal was granted upon this petition, and the assignment of errors therein contained is referred to and relied on here, no new assignment having been made.

We cannot inquire into the validity of objections thus raised.    The prisoner did not demur, or move to quash the indictment, but pleaded not guilty thereto. No bill of exceptions was taken during the proceedings.    No motion in arrest of judgment was made in the court below. On the contrary, the record informs us, that when the prisoner was brought to the bar for sentence, he was ready to receive the sentence, and had nothing to offer in arrest of judgment.

If there were defects in the indictment, as alleged, upon which we express no opinion, they have been waived and are now cured.

Judgment affirmed with costs.