## STATE v. WILLIAM BASS.

The Act of the Legislature empowering the Judge to appoint an Attorney to prosecute in behalf of the State (*pro. tempore*), when the District Attorney shall not attend, is not unconstitutional.

In all criminal cases as well as civil cases, a written assignment of errors must be filed, in conformity to Art. 897 of the Code of Practice.

If the assignment is not filed before the cause is submitted the right to file it is waived.

APPEAL from the District Court of St. Landry, *Dupré*, J.
P. D. *Hardy*, for the State.    J. E. *King*, B. F. *Linton* and C. H. *Mouton*, for the accused and appellant.

SPOFFORD, J.    *William Bass* was indicted in the Parish of Calcasieu for the murder of one *Anthony Corkran*. The venue was changed to the Parish of St. Landry, where the prisoner was tried and found guilty of manslaughter. His motions for a new trial and an arrest of judgment being overruled, he was sentenced to the penitentiary for twenty years. From this sentence he has appealed.

The only point presented by the record itself concerns the legality and constitutionality of the appointment by the Judge of a member of the bar to act as District Attorney *pro. tempore*, in the absence of that officer during the term of court at which the indictment was found. The authority to make this appointment is found in an Act of 1817, reënacted in 1855, (p. 369, sec. 11) in these words: "Whenever the District Attorney shall not attend, the Judge shall have power to appoint an Attorney to prosecute on behalf of the State, (*pro. tempore*), who shall be paid such amount as may be allowed by the court, to be paid by the Auditor out of the salary of the District Attorney, on the warrant of the Judge." Rec. Stat., p. 183, sec. 11.

In this case it is not denied that the District Attorney was absent, or that the Attorney who framed and signed the bill, as acting in the place of the District Attorney in his absence, was regularly appointed in pursuance of the statute.

The only question made is whether the statute be constitutional. It is said to conflict with that disposition of the organic law, which requires District At-

torneys to be elected by the people. Const. Art. 83. We do not perceive that there is any real conflict. The District Attorney was chosen by the People. He was not superseded in his office. The appointee of the court did not become a District Attorney. He became authorized by the appointment, under the law, to discharge a specific duty which usually falls upon the District Attorney, but which the Constitution has not confided exclusively to that officer. If there is nothing in the Constitution to prohibit it, the Legislature may dispense with the signing of indictments by the regular District Attorney, and authorize them to be signed by a substitute appointed by the court. It is the finding of the grand jury endorsed upon a bill by its foreman, that gives an indictment authenticity. The signature of the framers may not be essential to its validity, if the Legislature does not make it so. The duties of District Attorneys shall be determined by law. Const. Art. 74. And there is nothing in the *Constitution* which requires bills of indictment to be signed, or all prosecutions to be conducted by the regular District Attorneys. *The law* makes it incumbent upon them to perform the duties of prosecutors in behalf of the State when they are present and not recused; if absent or recused, the State law confides their duties temporarily to other persons, and no clause of the Constitution forbids it.

The case of the *State* v. *the Judge of the Sixth District*, 9 An. 62, furnishes no parallel to this; for the Constitution vests all the judiciary power in a Supreme Court, in such inferior courts as the Legislature may from time to time order and establish, and in Justices of the Peace, but limits the power of the Legislature as to the mode of ordering and establishing the inferior courts by declaring that their judges must be elected by the qualified voters of the respective districts or parishes. Const. Arts. 61, 81. The Legislature cannot therefore confer judiciary powers upon any inferior court whose judge shall not be elected by the people. It cannot transfer judicial duties to any other than judicial officers.

The propriety of the appointment of an attorney to prosecute in such a case as this, in lieu of the absent District Attorney, has been recognised by previous decisions. *The State* v. *Jerry*, 4 An. 190; *The State* v. *Viaux*, 8 An. 517, 523.

In what is styled a supplement to the printed argument of the appellant's counsel we find several points discussed as errors assigned upon the record. But we find no written assignment of errors, as is required by the Code of Practice, Article 897. That rule applies to the course of practice to be pursued in this court in all cases brought by appeal before it, whether civil or criminal, and the assignment should be filed before the cause is submitted or the right to file it is waived. If we were permitted, however, to examine the points presented in this portion of the argument, we do not think the appellant could profit by them. He did not move to arrest the judgment in the court below on any such technical grounds, although, if there was a foundation for these objections, they were then obvious to the accused and should have been brought to the notice of the District Judge. *The State* v. *Arthur*, 10 An. 265.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.