## No. 3863.

### BATT & MICHEL v. THE CITY OF NEW ORLEANS et al.

Where plaintiffs alleged that the first adjudication of a certain market vested in them the title to collect the revenues of said market, and that when, in defiance of this adjudication, the controller of the city of New Orleans sold it anew, and received $2500 more than their bid, this sum of $2500 belonged to them:

Held—That by the terms of the sale, the city authorities had reserved the right to reject any or all bids. The second adjudication was a rejection of the first bid, and as this second adjudication was ratified by the council, it follows that the plaintiffs' claim for the difference between the first and second adjudications can not be maintained.

APPEAL from the Fifth District Court, parish of Orleans. *Léaumont, J. E. Bermudez, C. F. Claiborne, A. L. Tissot,* for plaintiffs and appellees. *A. C. Lewis* and *B. R. Forman,* for defendants and appellants.

MORGAN, J. The city, on the fourteenth December, 1867, authorized the controller to adjudicate or cause to be adjudicated, to the highest bidder, the collection of the revenues of the public markets. The adjudication was to be made by public auction.

Plaintiffs allege that one of the markets was adjudicated to them for $54,800, but that the controller disregarded the adjudication, and instructed his deputy to cry the market anew, which was done. At the second crying it was adjudicated to J. Grevenig for $57,300. They claim from the city the difference between $54,800, the amount of their bid, and $57,300—that is to say, $2500. They say that the first adjudication vested the title to collect the revenues of the market in them, and that when, in defiance of this adjudication, the controller sold it again, and received $2500 more than their bid, this $2500 belonged to them, and the district judge gave them a judgment for it. There is

some conflict of testimony with regard to the facts connected with the adjudication. But this conflict we do not consider it material to state at length and analyze for the purpose of discovering whether there was an adjudication or not. It may be assumed that there was. But by the terms of the sale the city authorities reserved the right to reject any or all bids. The second adjudication was a rejection of the first bid, and as this second adjudication was ratified by the council, we think it follows that the plaintiffs' claim for the difference between the first and second adjudications can not be maintained.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that there be judgment in favor of defendants with costs in both courts.