## No. 6060.

### STATE OF LOUISIANA VS. ALLEN PHILLIPS AND JOHN REID.

This case is before this court on an assignment of error patent upon the record, viz.: that it does not appear from the record herein filed that the jury who tried the accused were sworn before the trial of the cause. This objection is fatal and seems to be settled in criminal jurisprudence.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Dewing*, J. Criminal case. *Alvan E. Read*, District Attorney, and *A. P. Field*, Attorney General, for plaintiff and appellee. *George A. Griffith*, for defendants and appellants.

TALIAFERRO, J. The defendants appeal from a judgment sentencing them to two years imprisonment in the State Penitentiary at hard labor.

The case is before us upon an assignment of error patent upon the record, viz.: that it does not appear from the record herein filed that the jury who tried this case were sworn before the trial of the cause.

It seems to be settled in criminal jurisprudence that the record of conviction should show that the jurors who tried the issue were sworn.

In the case of the State vs. Gates, 9 An. 94, where this question was directly presented, this court said: "The original entry on the minutes enumerates the jury, but does not state that they were sworn, and this material fact can not be supplied by the presumption of *omnia rite acta*, but should appear upon the record itself." Various authorities were cited.

The facts in regard to what appeared upon the record in that case are identical with those in the case at bar.

It is ordered that the judgment appealed from be annulled and reversed. It is further ordered that this case be remanded for a new trial.

LUDELING, C. J., *dissenting*. The only assigned error deemed important by the court is that the record does not show that the jurors who

tried the prisoners were sworn. It has been repeatedly decided by this court that objections to the qualification of the jurors who tried the prisoner will not be listened to, unless urged at the time of their selection and before trial. So that one convicted by an illegal jury can not object, because he is *presumed* to have waived his right to object; but, according to the opinion just read, if the clerk fails to note that the jurors were sworn, he may urge this objection after conviction, because nothing can be presumed against a criminal. I can not assent to this. It is morally certain that the jury is sworn in all cases. This results from the manner in which the jurors are selected and sworn in courts, and I can not conceive how it is possible to fail to swear a jury in any case.

The decisions cited do support the opinion of the majority of the court, but the reason for the position is not a good one according to my understanding; nay, it is no reason at all. Because it has been usual for the records in criminal cases to show that the jurors were sworn is not a reason for saying that the record is fatally defective, even if the maxim "*omnia rite esse acta*" can not be applied in criminal cases. But I do not assent to the proposition that this maxim can never apply to criminal proceedings. I admit that all presumptions are in favor of the innocence of the accused, but that is not incompatible with the application of the maxim *omnia rite acta*. The one applies to the evidence and to the accused; the other applies only to the acts of the officers of courts. In fact, the position maintained by the majority of the court violates the first-mentioned maxim by assuming that the officers of the court have been guilty of a dereliction of duty.

I therefore dissent.

Mr. Justice Wyly concurs in this opinion.