## No. 6077.

### STATE OF LOUISIANA VS. ELIJAH DOUGLASS.

The assignment of error that the record fails to show that the jury who tried the case was sworn before the trial must be held good. This material fact can not be supplied in a criminal case by the presumption of *omnia rite acta*, but should appear on the record itself.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Dewing*, J. Criminal case. *Alvan E. Read*, District Attorney, and *A. P. Field*, Attorney General, for plaintiff and appellee. *George A. Griffith*, for defendant and appellant.

HOWELL, J. The defendant has appealed from a judgment sentencing him to imprisonment in the Penitentiary for eighteen months for an

assault by willfully shooting at one Anthony James, and assigns as error, among others, that the record fails to show that the jury who tried the case was sworn before the trial.

In the case of State vs. Gates, 9 An. 94, this court said : "We think the record of conviction is defective, in not showing that the jurors who tried the issue were not sworn. The original entry on the minutes enumerates the jury, but does not state that they were sworn, and this material fact can not be supplied in a criminal case by the presumption of *omnia rite acta,* but should appear on the record itself." Beale vs. Campbell, 1 How. Miss. 24 ; Irwin vs. Jones, *ibid,* 494 ; 2 Blackford's Reports, p. 272. See, also, the forms of records of conviction at the assizes, to be found in the appendix to the fourth Black. Com., in each of which, after the recital of the names of the jury, is added : 'Who, being elected, tried, and sworn,' etc. Also, Bishop on Crim. Pros., p. 927 (sec. 927); 2 Texas R., p. 280 ; 10 Ohio R., p. 575. Upon these authorities, and the fact that the State has not applied to correct the record, we must hold the assignment good.

It is therefore ordered that the judgment of the district court be reversed, and the case remanded for a new trial according to law.

Mr. Chief Justice Ludeling and Mr. Justice Wyly dissent for reasons in No. 6060.