## No. 7651.

### STATE OF LOUISIANA vs. SUZANNE CALVERT.

Where the transcript in a criminal case fails to show whether the jurors that tried the defendant had been sworn, and whether defendant was in court and present during the trial, the verdict and sentence will be annulled.

APPEAL from the Fourth Judicial District Court, parish of St. James. *Duffel, J.*

J. C. Egan, Attorney-General, for the State.
*Robt. G. Dugué* for defendant and appellant.

---

Robt. G. Dugué for defendant :

First—After the jury had delivered their written verdict, the judge erroneously instructed them to change, alter, or add to it. He directed the foreman then and there to sign it as foreman, and to date it, and told him to date it on the 11th of October, 1879. All this is proved by the affidavit at the foot of the rule for a new trial. 

Second—a. The judge erred, when, of his own motion, he caused the jury to be polled and the verdict to be changed. C. P. 527, 528. It is only when one of the parties requests it that the jury is polled, or their verdict corrected, altered, or amended. b. It was error, in polling the jury, to ask them "guilty without capital punishment, is that your verdict?" The inquiry should have been limited to the question "Is this your verdict?" 12 A. 264.

Third—The verdict shows on its face that it was not signed by all the jurors, as it purports to be. All the names are in the same handwriting. The original verdict has, with the permission of the lower

court, been filed with the record here for the inspection of the judges of this court.

Fourth—The affidavit at the foot of the rule for a new trial and the other testimony in the record establish that the jury were illegally permitted frequently to separate after they had been empaneled.

Fifth—As suggested in the assignment of errors, nothing in the record before the court shows that a jury was ever sworn to try this case, nor that a trial was had, nor, if had, that the accused or her counsel were present at the trial. State vs. Douglass, 28 A. 425, and authorities there cited ; 31 A. 379 ; 30 A. 367.

J. C. Egan, Attorney-General :

The motion in arrest of judgment was properly overruled by the court, because the grounds alleged that there was no legal grand jury, and that Louis S. LeBourgeois was not authorized to act as foreman, are not sustained by the testimony in the record. There was a legal grand jury, and said Bourgeois was foreman of the same. The plea of *autrefois convict* cannot be plead in this case. After the first conviction of murder the new trial was granted, then a *nolle pros.* was entered, the prisoner was then indicted by the grand jury for murder, arrested, and upon this trial convicted for murder. This was not *autrefois convict*, nor can *autrefois convict* be taken advantage of by motion in arrest of judgment. The error for which a motion in arrest of judgment is made must appear on the face of the record, and therefore no defect in evidence or improper conduct during the trial can be urged during this stage of the proceedings. Sec. 1109, vol. 1, Bishop on Criminal Proceedings.

The opinion of the court was delivered by

DeBlanc, J. Defendant was indicted for murder, and found guilty ; but the jurors qualified their verdict, by adding thereto "without capital punishment." She was sentenced to hard labor for life, appealed from the verdict and sentence, and assigns as error :

1. That the record does not show that a jury was sworn to try her, nor that she was tried.

2. That—if she was tried—it does not appear that she was present at her trial.

The record does not sustain the conviction. The few important entries which it contains, show that Suzanne Calvert was indicted, arraigned and pleaded not guilty—that Mr. Dugué was appointed to represent her, and her trial fixed for the 14th of March 1879, and that—on the 11th of October of that year—she was found guilty by the petit jury.

15

State of Louisiana vs. Calvert.

We are not informed, by the transcript, when defendant was tried, whether the jurors by whom she was tried had been sworn, and whether she was in court and present during the trial. To sanction the verdict and affirm the sentence, which—if executed—would close on defendant, and forever, the door of the penitentiary, we would have to rely on inferences and invoke presumptions, which—in criminal cases—are not authorized by either law or precedent.

9 A. 94 ; 28 A. 425 ; 30 A. 368 ; 31 A. 380.

It is, therefore, ordered, adjudged and decreed that the verdict and sentence appealed from are annulled and set aside—that Suzanne Calvert, the accused—be detained in custody to answer the second indictment filed against her for the murder of James Butler, and that this cause be remanded to the lower court, there to be proceeded with according to law.