## No. 9303.

### THE STATE OF LOUISIANA vs. ANTONIO ROMANO.

A defense in a criminal case that the law under which the defendant was tried and convicted is unconstitutional, comes too late when made on appeal for the first time. The appellate court cannot consider and determine questions of law which were not submitted to, and passed by, the trial judge.

APPEAL from the Criminal District Court for the parish of Orleans, *Roman*, J.

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee.

1. Points not formally assigned as errors on the record, though discussed in appellant's printed argument, will not be noticed. There must be a written assignment in criminal as well as in civil cases; and it must be filed before the case is submitted, or the right is waived. 12 A. 386 ; 10 A. 265.

State vs. Romano.

2. The same act may, as to its character and tendencies, and the consequences it involved constitute an offense against both the State and Federal governments, and might draw to its commission the penalties denounced by either, 9 How. U. S. 569; 5 How. U. S. 435; 1 Bishop on Cr. Law. § 155. The United States Revised Statutes have the general provision, introductory to the title "Crimes," that, "nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." R. S. of U. S. §5328.

An indictment may be maintained in the State Courts, for counterfeiting the United States coin, it being treated in the latter case as an offense against the State. 2 Whart. Crim. Law, § 1501; 1 Bishop on Cr. Law § 178; 2 Bishop on Cr. Law, §§ 283, 285, 287; 1 Doug. Mich. 207; 14 How. 13; 38 Cal., 145; Cooley's Const. Limit., 4 ed., p 25; Washburn's Manual of Crim. Law, p. 46.

*J. N. Healey*, for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   The defendant has taken this appeal from a conviction for counterfeiting coin of the United States. In his counsel's brief, and for the first time, he suggests as a reason for the reversal of the judgment, " that a state law punishing the counterfeiting of the current coin of the United States is contrary to the Federal Constitution, and the court which undertakes to enforce such a law is without jurisdiction."

His appeal comes without an assignment of errors, without a bill of exception, without a plea in bar, and without a motion in arrest of judgment.   The record shows that he pleaded " not guilty " to the indictment, and that when called up for sentence he declared that he had nothing to say.

In criminal matters this court has a very limited jurisdiction, and it is unquestionably powerless to review a question of law which has not been submitted to, or passed upon by, the lower court.

If, as now alleged, the district court had no jurisdiction to enforce the law under which the defendant was prosecuted, that plea should have been made in that court, either by a demurrer to the indictment, or by a motion in arrest of judgment.

How can we be expected to rule that the District Court erred in exercising jurisdiction in the premises, when its power of jurisdiction was not questioned ?

An appellate court whose mission in criminal cases is to review the action of the trial judge on points of law, cannot undertake to review a judgment charged to be erroneous on a ground not even mentioned below.   State vs. Arthur, 10 Ann. 265 ;   State vs Bass, 11 Ann. 862. State vs. Tony Taylor, recently decided by this court.

It is too clear for further argument that the defence comes too late, and that it cannot be considered.

Judgment affirmed,