No. 9722.

THE STATE OF LOUISIANA VS. HILAIRE HANKS ET ALS.

1.  State vs. Alexander Balize affirmed.
2.  Proof administered of the previous prosecution of *another* ' *person* " accused of *same* "*offense*," is not proof of knowledge by the prosecuting officer that the accused had committed the offense, and he cannot thereby sustain his plea of prescription.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *DeBaillon*, J.

---

*M. J. Cunningham*, Attorney General, and *Robt. C. Smedes*, District Attorney, for the State, Appellee.

*Chas. D. Caffery* for Defendants and Apellants.

---

The opinion of the Court was delivered by

WATKINS, J. The accused were charged, upon information of the District Attorney, with stealing a horse, the property of Sevigné Duhon, on or about the 15th of May, 1881, and the information recites that said " offense has not been made known to the officer having authority to direct the investigation thereof within the time necessary to take the same out of the saving clause of the Statute of Limitation."

To this information, two exceptions are urged, viz:

1st.   Prescription of one year.

2d.   The property stolen, is insufficiently described to put the defendants on their guard.

From a judgment of the court *a qua* sustaining the plea of prescription, the *State* has appealed.

## MOTION TO DISMISS.

In this Court the counsel for the accused seeks to dismiss the appeal, on the ground that the record contains no bill of exception, nor assignment of error; and supports his motion by reference to various authorities.

In State vs. Alexander Balize, recently decided, and not yet reported, we held: "When the *record* enables the court to decide on the merits, either party may, at any time, refer the court to any error apparent on its face, without making a formal assignment thereof;" and, upon examination of the authorities *cited* for accused, we find in accord therewith the following, viz: 20 Ann. 389, State vs. Behan; 20 Ann. 402, State vs. Morel; 20 Ann. 402, State vs. Krepple.

The only mode of bringing the *facts* of a criminal case before this Court is by a bill of exceptions. 32 Ann. 819, State vs. Green Red; 25 Ann. 417, State vs. Socha; 32 Ann. 842, State vs. Nelson; 35 Ann. 543, State vs. Sherard; 36 Ann. 158, State vs. Miller; 36 Ann. 185, State vs. Wm. Green.

Motion to dismiss overruled.

## ON THE MERITS.

The proof adduced, to traverse the averment of the information, found in the record, consists of a similar information of date October, 1884, charging one *Thomas Smith* with the commission of same offense; and that he was arraigned, and a jury empanneled to try the cause; but same was withdrawn and a *nolle prosequi* entered after the testimony had been adduced and the accused discharged.

It is also admitted that the "offense had been examined by the grand jury, at one time, the date of which is not given, except as last year, I think."

Revised Statutes of 1870, section 986, provides: "No *person* shall be prosecuted or punished *for any offense*, wilful murder  *   *   *   * excepted, unless the indictment or presentment for the same shall be found or exhibited within one year next after the offense shall have been made known to a public officer, having the power to direct the investigation or prosecution."

Stripped of unnecessary verbiage and we have: No person shall be prosecuted for an offense unless indicted within a year after it was denounced to a public officer.

It is clear that the indictment of Thomas Smith previously, did not exonerate defendants, who are indicted for the same offense now.

There is neither mutuality or identity of parties. Even in a civil suit the previous citation of A, would not interrupt prescription as to B, and the converse is equally true.

We decline to accept such an interpretation of the Statute of Limitation of prosecutions.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be avoided, annulled and reversed; and, it is further ordered, adjudged and decreed, that this cause be remanded to the court a qua and the information reinstated, in order that such further proceedings be taken as justice may require; and that the accused parties pay cost of both courts.