PROVOSTX, J.
The defendant was tried, convicted, -and sentenced before the juvenile court on an'affidavit charging him with assault and battery upon a minor, and he has applied t6 this dourt" for .writs of. certiorari and prohibition, on the ground that the juvenile court was' without jurisdiction of the case; the affidavit not having charged that the minor was a “neglected or delinquent child.” •
[1] A question purely of law is here presented. On questions of law all cases before the 'juvenile court are appealable to this court. Two days yet remained for appealing when'the-present application, was filed. Defendant suggests no reason, and we can discover none, 'why the remedy by appeal would not have been, just as efficacious as the-extraordinary writs' applied for. These writs do not issue when there is adequate remedy by appeal. Marr, Cfim. Law, 905'. •
Application dismissed, at defendant’s cost.
On Rehearing.
In granting a rehearing in this case, the court had no idea of " departing from the fixed rule upon which the opinion from which the rehearing was granted is founded. That rule is now too firmly settled to be shaken.
In State ex Tel. Town of Jennings v. Miller, Judge, 109 La. 704, 33 South. 39, the court, speaking through the Chief Justice, in a case where, as in the present case, the jurisdiction of the lower court ratione persons et materim 'was denied, enforced the rule,- sayiiig that the case did not fall within the exceptions to the rule; it not being a case of ' “peculiar circumstances or extreme urgency.” That decision refers to State ex rel. Crozier v. Rost, Judge, 49 La. Ann. 1451, 22 South. 421, which decision announces the same rule, and cites in support' of it a long list of cases. The court has:never wavered in the strict application of the .rule. So late as October, 1910, - in • State v. Anderson, 127 La. 116, 53 South. 462, in a case where, as in this, the complaint was that the trial court' was' without jurisdiction, and the application to this court was for' the writs of certiorari and prohibition, this court, through Mr. Justice-Land,-said:
“If the record is in such a shape that the accused cannot obtain relief on appeal, it is his fault or misfortune.
“Certiorari- was never intended for a substitute for an appeal.
“It is therefore ordered.that the relator’s application be dismissed; with costs.”
In that case relief by recourse to the extraordinary jurisdiction of this-court was refused, . although the accused was thereby left without a remedy.
. The rehearing was granted on the point of whether the recourse to the extraordinary jurisdiction of this court was not the only remedy available to the accused. In contending that it is, his learned counsel says in his brief ■ that at the time he came into the case sentence had already been passed, and no plea -to the jurisdiction had been interposed; and that it was therefore too late for him to apply, to the trial court for relief, and no relief could be obtained by appeal because *839 this court will not review on appeal any question that was not passed on by the trial court.
[2] In the first place, it would be monstrous if a court that has sentenced an accused in a case of which it had no jurisdiction could not ex proprio motu, or on application, set aside the sentence. The very contrary is the law. 12 Cyc. 788; 26 A. & E. E. 315; Wharton, Crim. PI. & Prac. 913; State v. Brannon, 34 La. Ann. 945.
[3] But, if it were considered that the accused was remediless by application to the trial court itself, was not the point of total absence of jurisdiction in the trial court reviewable on appeal, even though it had not been submitted to the trial court for decision?
The decisions of this court cited by the learned counsel for accused are not in point, except one, which is very nearly so, if not entirely so. Reviewing them, and the cases upon which they are founded, in regular order.
State v. Arthur, 10 La. Ann. 265. The accused sought to take advantage for the first time on appeal of the absence of the word “feloniously” in the indictment. The court said that:
“If there were defects in the indictment, they have been waived and are now cured.”
This was but the application of the familiar rule that what may be waived will be considered as waived, if not objected to.
State v. Bass, 12 La. Ann. 862. The court said:
“We find no written assignment of errors, as is requii'ed by the Code ot Practice, art. S97. * * * If we were permitted, however, to
examine the point presented in this portion of the argument, we do not think the appellant could profit by them. He did not move to arrest the judgment in the court below on any such technical grounds, although, if there was a foundation for these objections, they were then obvious to the accused and should have been brought to the notice of the district judge. State v. Arthur, 10 La. Ann. 265.”
Here, again, was a mere application of the familiar rule that mere technical objections not made below will not be considered on appeal; especially in the absence of an assignment of error.
State v. Schmidt, 13 La. Ann. 267. This court was asked to set aside a judgment of forfeiture because since the filing of the appeal the defendant had been arrested, tried, and convicted. The court said it had no original jurisdiction, and therefore could not take cognizance of these alleged facts.
Carter v. Lewis, 15 La. Ann. 574, and Blanchard v. Luce, 19 La. Ann. 47, held, that new grounds for dissolution of writ of sequestration cannot be set up in Supreme Court, especially in the absence of an assignment of error.
State v. St. Romes, 26 La. Ann. 754, held that:
“The constitutionality of a law will not be considered when an issue to that effect has not been raised in the case.”
State v. Johnson, 33 La. Ann. 889. On the trial of the accessory, separately from the principal, the court admitted in evidence as against the accessory the indictment against the principal and the latter’s plea of guilty. In the Supreme Court the question was presented, for the first time in argument, whether on the trial of the accessory the said evidence was sufficient to show the conviction of the principal, whether there should not also have been proof of the principal having been sentenced.
The court said that nonconstat such proof was not administered on the trial.
State v. Claire, 41 La. Ann. 191, 6 South. 129, State v. Kellogg, 104 La. 580, 29 South. 285, held that additional grounds against the admissibility of evidence cannot be urged for the first time in the Supreme Court. The court said:
“The objection was not urged below; hence it cannot be considered here.”
*841 De Grilleau v. Boehm, 106 La. 472, 31 South. 74, held, that this court will not consider a plea said in the brief to have been verbally made below.
Rausch v. Barrere, 109 La. 563, 33 South. 602. The defendant and appellant sought to sustain the jurisdiction of the court by urging that the case involved the constitutionality of a statute, and that the decision had been against the constitutionality of the statute. The jurisdiction was questioned on the ground that the unconstitutionality of the act had been pronounced at the instance of defendant and appellant The court sustained the jurisdiction.
The foregoing cases are manifestly no authority for the proposition in support of which learned counsel has cited them. But three of the decisions cited by counsel are more or less in point. Two of them are so in their verbiage, and the third is more or less so in its facts. They are State v. Romano, 37 La. Ann. 98, State v. Deas, 38 La. Ann. 581, and State v. Lubin, 42 La. Ann. 80, 7 South. 68 — all three of them by Justice Poehé as the organ of the court.
In State v. Deas the point involved was simply whether misconduct of the jury can be urged for the first time on appeal. In State v. Lubin the point involved was simply whether the state can urge for the first time on appeal that the motion in arrest of judgment was filed too late; it having been filed more than four days after verdict.
In these cases nothing was involved except the regularity of the proceedings below, and therefore they were eases calling for nothing more than the application of the familiar rule as to matters of form, or mere irregularities being waived if not timely objected to below; but in both of the cases Justice Poché took occasion to repeat the broad and sweeping announcement made in the case of State v. Romano, 37 La. Ann. 98, that:
“The appellate court cannot consider questions of law which were not submitted to, and passed on, by the trial judge.”
Now, so far as civil cases, are concerned, that announcement is in flat opposition to article 897, Code of Practice, which provides that an appellant who to sustain his appeal relies upon an error appearing on the face of the record may within 10 days after the record is brought up file in the Supreme Court an assignment of errors. And is also in opposition to article 564, according to which an appeal is a recourse to a superior tribunal in order to have the judgment corrected. Surely no judgment can stand in greater need of correction than one rendered by a court without jurisdiction. And is also in direct opposition to article 902, which reads:
“Although, in general, parties before the Supreme Court are not allowed to plead other matters than those which were before the inferior court, nevertheless it may depart from this rule, when the exception taken is one of those which may be pleaded at any period of a cause, and the proof of it appears by the mere examination of the record.”
The said announcement is also in opposition to general jurisprudence, as appears by the following, taken from 12 Cyc. 808, to wit:
“(B) Presentation and Reservation in Lower Court of Grounds of Review. (1). Objections (a). Necessity. (1). Rule. It is the general and almost universal rule that questions not raised at the trial will not be reviewed.
“(II) Application of Rule. (A) In General. The rule that questions which could have been appropriately raised at the trial will not be noticed for the first time on appeal has been invoked and enforced with respect to objections as to the constitutionality of statutes and ordinances ; as to criminal liability ; as to preliminary proceedings in general; as to the warrant; as to the grounds, of arrest; as to the affidavit for arrest; as to the organization of the grand jury ; as to the change of venue ; as to the manner and form of pleading; as to the discharge of a eodefendant; as to the qualification of the trial judge; as to the competency of petit jurors; as to the summoning and impaneling of the trial jury; as to the excusing of trial jurors; as to variance between the indictment or information and the proof; as to the custody and conduct of the trial jury; as to *843 the discharge of the jury; as to the verdict; as to thé judgment and the sentence. So, too, the rule that questions which were, not raised at the trial of the case will not be noticed for the first time on appeal applies as to seasonableness of motion in arrest.
“(B) Objections to Indictments, Information, or Complaint. (1) In General. A mere formal defect in an indictment, information, or complaint, which may be cured by amendment, must be called to the attention of the court and taken advantage of at the trial, and cannot be urged for the first time on appeal; but fatal defects which, are not amendable may be considered for the first time on appeal. Thus the objection that the facts stated in the indictment do not constitute a crime is not waived by a failure to demur or to move in arrest of judgment, but ■ may be taken for the first time on appeal, and an objection that there, is-a variance between 'the verdict and the indictment may be urged on appeal, although no motion for a new trial or in arrest was made.”
12 Cyc. 816:
“(F)" Objections as to Jurisdiction. An objection that the trial court was without jurisdiction may be raised for the first time on appeal.”
2 Cyc. 678:
“(11) Exception to Rule. An exception to the" general rule — that an appellate court will riot consider' objections first raised on appeal— exists in the case of errors apparent on the face of the record. These may be considered by the court, though not objected to below.
‘.'(b) Relation, to Form or Nature of Proceedings. Where no question is raised as to the form of the action or the nature of the proceedings in the court below to obtain relief,. the defendant will be regarded as having waived the objection, and ’will not be permitted to raise it for the first time in the reviewing- court. Thus it cannot be objected for the first time on appeal that trespass quare clausum fregit was wrongly brought instead of ease; that assumpsit was wrongly brought, instead of mandamus ; that affirmative relief should have been sought by cross-bill, instead of by answer; that decrees were rendered upon petition only, when they should have been rendered upon a supplemental bill or cross-bill or a bill in that nature; that a supplemental bill does not show a cause of action cognizable by. a bill of that character; that the case made by a bill of interpleader is one which is not a proper' subject for such a ■bill; that a bill instead of a petition should have been filed; or that the relief sought might have been had by motion instead of by action.
“(0) Relating to Jurisdiction. (L) Of Subject-Matter. (A) In General. Consent of parties cannot give a court jurisdiction over the subject-matter of an action. The question of jurisdiction of the subject-matter may be raised for the first time in the appellate court, or the court may, on its own motion, take notice of such want of jurisdiction.”
In Zollicoffer v. Briggs, 3 Rob. 236, this court said:
“There is a class of exceptions which may be pleaded for the first time on appeal. They are such as may- be pleaded at any period of the cause; but the proof of them must appear from a mere examination of the record.”
See, also, Serra v. Hoffman & Co., 29 La. Ann. 17.
This is familiar doctrine, and no further citation of authority can be ' necessary in support of it.
In State v. Romano, supra, the court affirmed a judgment rendered by a court without jurisdiction rátione materias, for the reason that the accused should have pleaded to' the jurisdiction of the court, and that the objection came too late on appeal.
And the court announced the broad doctrine quoted supra.
Now, how many 'decisions this goes counter to’ there is no telling. It goes counter to all the decisions by which the accused has been allowed to assign errors patent on the face of the record. For instance, the cases where the minutes did not show the presence of the accused at important stages of the trial (State v. Calvert, 32 La. Ann. 224: State v. Bradford, 33 La. Ann. 921; State v. Smith, 31 La. Ann. 406; State v. Revells, 31 La. Ann. 387; State v. Christian, 30 La., Ann. 367; State v. Thibodeaux, Man. Unrep. Cas. 258; State v. Clary, Man. Unrep. Cas. 301); to the cases where the minutes did not show that the jury was sworn (State v. Gates, 9 La. Ann. 94; State v. King, 28 La. Ann. 425; State v. Douglass, 28 La. Ann. 425; State v. Phillips, 28 La. Ann. 387; State v. Calvert, 32 La. Ann. 224); or that the accused was arraigned (State v. Pierre, 49 La. Ann. 1159, 22 South. 373); to the cases where the indictment was on its face fatally defective (State v. Johnson, 51 La. Ann. 1648, 26 South. 437; State v. Pierre, 49 La. Ann. *845 1159, 22 South. 373); to the cases where the -offense was prescribed on the face of the indictment (State v. Pierre, 49 La. Ann. 1159, 22 South. 373).
In this last case the court said:
“The motion assigns that the record discloses neither motion to quash, motion for new trial, nor motion in arrest of judgment; and, further, that it contains no bill of exceptions to •any ruling of the trial judge; and that as a necessary consequence the defendant was without right to appeal. But it appears from the record that on the day previous to the one on which the motion to dismiss was filed defendant’s counsel filed a special assignment of errors apparent on the face of the record to the effect (1) that the crime charged in the indictment was barred by the limitation of the statute at the time same was presented; and that it affirmatively appears by the record that the defendant was' never arraigned, nor even personally present at the time of any pretended arraignment. In the presence of this assignment, the motion cannot prevail, as the defendant is entitled to be. heard on these questions of law, notwithstanding they are for the first time raised by an assignment of error in this court.”
In support of this, the court cites State v. Balize, 38 La. Ann. 542; State v. Hanks, 38 La. Ann. 468; State v. Behan, 20 La. Ann. 389; State v. Morel, 20 La. Ann. 402; State v. Krepple, 20 La. Ann. 489. And the court might have filled a page with other citations to the same effect.
In fact, in the case of State v. Romano itself, the contention of the Attorney General was not that matters patent on the face of the record could not be reviewed on appeal, unless the same have been brought to the attention of the trial judge and ruled on by him; but it was, to quote the exact language of the syllabus of his brief, reproduced in the report of the case that “points not formally assigned as errors on the record will not be noticed.” There is authority for the latter proposition; but none for the former, •save and except this isolated Romano Case.
But it stands to reason that even in the modified form thus contended for by the Attorney General in this Romano Case the doctrine cannot be extended to depriving an appellate court of the power to set aside a judgment rendered in a criminal case by a court withput jurisdiction. It would be easy, we dare say, to find 150 decisions by this court where matters were considered on appeal which had not been brought to the attention of the trial court, and still 'less passed on by the trial court, but which were assigned as errors upon the face of the record. In fact, nothing can be better settled than that all fatal defects such as cannot be cured by waiver in matters of form, and all fatal defects in matters of substance, such for instance as there being no such crime known-to the,law may be brought up for the first time on appeal by assignment of error on the face of the record. And, so far as nullity resulting from absence of jurisdiction is concerned,- why that is' a matter ■which- in the words of this court in the case of Decuir v. Decuir, 105 La. 485, 29 South. 934, “may be invoked by any one at any time and anywhere.” • •
“This proposition,” said the court, “is supported by a long line of decisions, of which the following are some:. Edwards v. Whited, 29 La. Ann. 650; Alter v. Pickett, 24 La. Ann. 515; Bernard v. Vignaud, 1 Mart. (N. S.) 8; Quine v. Mayes, 2 Rob. 511; Williams v. Clark, 11 La. Ann. 761; Simpson v. Hope, 23 La. Ann. 557; Madden v. Fielding, 19 La. Ann. 505; Walworth v. Stevenson, 24 La. Ann. 251; Conery v. Rotchford, 30 La. Ann. 692.”
In Edwards v. Edwards, 21 La. Ann. 610, where, the appellee contended that the appellate court could not consider the objection to the want of jurisdiction of the trial court, this court said:
■“The court will notice of its own motion at any time the want of jurisdiction ratione materia;, and set aside the judgment appealed from.”
The conclusion from all of the foregoing is plain that the accused in this case when he filed his application in this court invoking the exercise of the extraordinary *847 powers of this court had a remedy by the ordinary process of appeal, and that, under the fixed and invariable rule of this court, he must exhaust that remedy before he can have recourse to the extraordinary powers of this court.
Defendant is yet in time to submit to the trial court the question of its jurisdiction. Should the trial judge rule against defendant when thus applied to, it will be time enough for defendant then to have recourse to this court by prohibition or habeas corpus, or both.
The judgment which on application for a rehearing was set aside, is therefore reinstated, and made the judgment of the court.