PER CURIAM:
| defendant was indicted for six counts of aggravated rape the state alleged he committed when he was between 13 and 16 years old. Children’s Code article 305(A)(1)(a) automatically divests the juvenile court of jurisdiction when a child is 15 years of age or older at the time of the commission of aggravated rape and an indictment charging that, offense is returned. After the indictment was returned,- the case was transferred from the juvenile court to the district court. The district court then quashed the indictment because, among other reasons, defendant allegedly committed two of the offenses when he was between 13 and 15 years old, and therefore he was potentially younger than 15 years old at the time. The state then filed an amended bill of information in the district court charging defendant with six counts of forcible rape committed over the same three-year span. Defendant entered a dual plea of not guilty and not guilty by reason of insanity and proceeded to a bench trial.
The parties stipulated at trial that defendant committed the acts constituting forcible rape as alleged by the state. Thus, the only contested fact at trial was defendant’s sanity at the time of the offenses. The state also attempted to orally |2amend the bill of information mid-trial to allege that all six offenses were committed when defendant was at least 15 years old. After trial, the district court found defendant guilty as charged on all counts and sentenced him to serve six concurrent terms of 40 years imprisonment at hard labor with the first two years of each to be served without benefit of parole, probation, or suspension of sentence. The court of appeal affirmed defendant’s convictions and sentences. State v. Harrison, 15-1044 (La.App. 1 Cir. 12/23/15), 2015 WL 9466872 (unpub’d). In affirming, the court of appeal rejected defendant’s claim that the district court lacked jurisdiction. The court of appeal erred to the extent that it affirmed the convictions and sentences for counts one and two, which the state originally alleged in the grand jury indictment defendant committed when he was between 13 and 15 years old.
Because of the evidentiary focus at trial on the question of sanity, the record is not well-developed with regard to the timing of the offenses. However, it is clear that the state originally alleged defendant committed two forcible rapes when he was between 13 and 15 years old (and therefore potentially 13 or 14 years old at the time), and committed the remaining four when he was 15 or 16 years old. For juveniles who are 14 years old, Children’s Code article 857(A) authorizes transfer from the juvenile court to the district court for certain offenses after the juvenile court conducts a hearing to determine if transfer is appropriate. No such hearing was held *318 here. For juveniles who are 13 years old, no provision of the Children’s Code authorizes transfer from the juvenile court to the district court. Because the state failed to establish definitively before the grand jury that two of the offenses were committed when defendant was at least 15 years old, the automatic transfer provision of Article 305(A) could not confer jurisdiction on the district court over those offenses. Because the timeframe alleged by the state left it possible that defendant committed two offenses when he was either 13 or 14 years old, jurisdiction was either not transferra-ble to the district court or not correctly ^transferred to the- district court by the grand jury indictment, notwithstanding the state’s mid-trial efforts to cure the lack of jurisdiction by orally amending the subsequently filed bill of information.
It has long been .established that lack of jurisdiction is a defect fatal to a criminal prosecution:
And, so far as nullity resulting from absence of jurisdiction is concerned, why that is a matter which in the words of this court in the case of Decuir v. Decuir, 105 La. [481,] 485, 29 So. [932,] 934 [ (1901) ], “may be invoked by any one at any time and anywhere.”
State v. Nicolosi, 128 La. 836, 846, 55 So. 475, 478 (1911) (on rehearing). Because jurisdiction was not correctly transferred from the juvenile court to the district court for- two. counts, the convictions and sentences for those two offenses are nullities. Therefore, we grant defendant’s application in part to vacate his conviction and sentences for counts one and-two. The application is otherwise denied and defendant’s remaining convictions and sentences for four counts of forcible rape are not affected by this ruling..
AFFIRMED IN PART, REVERSED IN PART, CONVICTIONS AND SENTENCES ON COUNTS'ONE AND TWO VACATED