## SUPREME COURT.

### PORTER AND OTHERS agt. THE PEOPLE EX REL. CASS.

In proceedings under the act relating to forcible entries and detainers, where the complaint sets out fully the forcible entry or the forcible holding out, and the estate and right of possession of the complainant, and is verified by affidavit, no other affidavit is necessary, and the complaint will be regarded both as a complaint and an affidavit.

On the trial of the traverse twelve jurors must be sworn. The judge has no right to proceed and try the traverse with six jurors.

The impannelling mentioned in § 9 of the act, refers to the panel to be made by the officer summoning the jury, and has no reference to any drawing or swearing the jury by the judge. If any of those summoned are found to be disqualified, the officers may be directed to summon others in their places until his panel contains twelve qualified jurors, and the whole are to be sworn

If the complainant is in the actual and peaceable possession, the traversers can not upon the trial controvert the complainant's right to continue his possession. It must be restored, notwithstanding his right to the possession has expired. The object of this statute was to prevent entries by force, and to insure a determination of controverted rights, by due course of law.

*Seventh Judicial District General Term, December* 1852. *Present,* WELLES, SELDEN and JOHNSON, *Justices.* This was a common law certioiari to review the proceedings and determination,

on the traverse of an inquisition found, in case of forcible entry and detainer before the county judge of Steuben county.

The complaint set out all the facts and was verified by affidavit, but there was no other affidavit than that verifying the complaint. The traverse was tried before the judge by six jurors drawn from the twelve summoned. There was some proof on the trial tending to show that the relator's interest in the premises, and his right to the possession had expired before the entry complained of. The judge charged the jury that if the relator was lawfully in the peaceable possession, he could not be turned out by force, and if he was so turned out, he was entitled to the benefit of the provisions of the statute, and to be restored to his possession, notwithstanding his right to the possession may have terminated by the agreement under which he held. The counsel for the plaintiffs in error excepted to the charge in this respect. He also upon the trial, in due time, objected to the right of the judge to proceed and try the traverse, on the ground that the statute requires that the rights of the complainant, and also the forcible entry, shall be stated in the affidavit accompanying the complaint; and also that there should be twelve jurors instead of six. The jury found a verdict in favor of the complainant.

E. G. Lapham, *for Plaintiffs in error.*

C. J. Baskin, *for Defendants in error.*

By the Court, Johnson, Justice.—There is not a literal compliance with the statute in the complaint and affidavit. The statute requires that the complaint shall be in writing, and shall be accompanied by an affidavit of such forcible entry or forcible holding out, and that the complainant has an estate, &c., stating the same. This seems to contemplate that the forcible acts complained of, and the complainant's right shall be set out in full in the affidavit. There is no affidavit here except the one verifying the complaint. All the facts are, however, set out in the complaint, which the statute requires in the affidavit accompanying the complaint, and that is verified; so that the officer had every thing before him which the statute contemplates in one paper. I think this may be regarded as both a complaint and an affidavit; and that there has been a substantial compliance

with the statute in this respect though not in the exact form contemplated. I think the complaint and affidavit set out a right of possession in the complainant, and that the premises were sufficiently described. The objection taken and the exception to the decision of the judge as to the number of jurors to be sworn to try the traverse, seems to me one of a more serious character. Only six jurors, out of the twelve summoned, were sworn to try the traverse as jurors.

The statute (2 *R. S.* 509. § 8) requires the judge, upon traverse being made, to issue a precept to the sheriff or constable, commanding him to summon *twelve qualified jurors* to come before him at a time and place therein to be specified, " to try the same traverse." Section 9, provides that " the jurors shall be summoned, returned and impannelled in the same manner as provided by law in civil actions before justices of the peace, and shall be sworn by such judge," &c.

It is contended by the counsel for the defendant in error that, " impannelling in the same manner as provided by law in civil actions before justices of the peace," means drawing six from the list returned summoned, who are qualified to sit as jurors and swearing them as jurors to try the traverse.

This depends upon the legal signification of the term impannel. Bouvier says, " to impannel, is to write the names of a jury on a schedule by the sheriff or other officer lawfully authorized," (1 *Bouv. Law Dict.* 652). " Panel, a schedule, or roll, containing the names of jurors summoned " (2 *Bouv.* 260, *tit. Panel*). Webster defines impannel, to mean " to write or enter the names of a jury in a list or piece of parchment called a panel, to form complete, or enrol a *list* of jurors in a court of justice." Thus it will be seen that the act of impanneling, has nothing to do with that of drawing, selecting, or swearing those who are to serve as jurors, but simply making the list of those who have been selected; and section 9 expressly provides for their being sworn after they shall have been empanneled.

On referring to the act relating to Justice's Courts, it will be seen that there is no impanneling provided for, but that made by the constable who summons the jury. The Revised Statutes (2 *R. S.* 243, § 98) provides that the constable to whom any

venire shall be delivered, shall "summon the jurors personally and shall make a list of the persons summoned, which he shall certify and annex to the venire and return to the justice."

The constable summons, impannels, certifies, annexes his list or panel to the venire, and returns it to the justice.

From this panel the justice draws six and swears them as the jury to try the cause. The justice has nothing to do with making the panel, except of those he has sworn after they are drawn, The names returned upon the panel are to be written upon separate slips of paper, and folded by the constable and placed in a box, and the justice then draws a certain number to be qualified to serve as jurors.

This reference to the manner of proceeding in Justices' Courts renders the provisions of § 9, before referred to, perfectly obvious.

The jurors are to be summoned, impanneled and returned by the sheriff or constable, who is to execute the precept fairly and impartially, and not to summon any one whom he has reason to believe biased or prejudiced for or against either of the parties according to § 98 of the justices' act, and they are to be sworn by the judge.

The act does not provide for drawing or swearing any less number than the whole panel who have been summoned and returned as in the case of proceedings before a justice "to try the same traverse," and of course the whole should be sworn.

Twelve are to be summoned to try the traverse, and the judge is to swear the jurors summoned, impanneled and returned. Consequently twelve are to be sworn, as no provision is made for any less number.

And this I think will be found to correspond with the uniform practice in cases of this kind. The error of the judge arose from confounding the duty of the constable in Justices' Courts in making, certifying and returning his panel with that of the justice in drawing the ballots, trying challenges, and swearing those drawn and found competent.

But the statute in these proceedings provides for no drawing. The whole panel are to be sworn. Should any be found not competent to sit, the officer might be directed to summon others till he should complete his panel of impartial and competent

Porter and others agt. Cass.

jurors. The plaintiffs were entitled to have their traverse tried by twelve jurors, and the trial by six only, without their consent, was erroneous.

I am of the opinion that the charge of the judge to the jury was unexceptionable in all respects. On the trial of the traverse the complainant is only required to show in addition to the forcible entry or detainer, that he was peaceably in the actual possession at the time of the forcible entry. And the traverser can only show in his defence that he, or those under whom he claims, have been in quiet possession for the space of three whole years together next before the inquisition found, and that his interest is not then determined (§ 11).

The questions to be tried are the possession and the forcible character of obtaining or holding it. Not the question whether a party actually in peaceable possession and forcibly expelled, had the right to the possession. The very object of the statute was to secure and restore to persons forcibly ejected, their peaceable possession until the right should be determined by due course and process of law, and to punish the entry upon such a possession with strong hand and without legal process (The People vs. Read 11 *Wend.* 157). It was for the jury to determine from the evidence whether the entry was a mere trespass, or a forcible entry, and also whether possession was held by force, as the evidence was conflicting. The judgment must, however, be reversed.