7 345
d206s 424

## WILLIAM J. LYMAN

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—GRAND JURORS MUST BE SWORN.—To sustain a conviction for a crime it is essential that the record show affirmatively that the grand jurors were sworn. No inference that the jurors were sworn can be drawn from the use of the word "empaneled" in the record.

2. RECITALS IN INDICTMENT.—The indictment must appear in its recitals to have been found upon the oaths of the grand jurors, but this requirement was not intended as record evidence that the grand jury was properly empaneled and sworn, and such recitals cannot supply the want of a record in essential matters.

APPEAL from the Circuit Court of De Kalb county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed December 4, 1880.

At the October term of the Circuit Court of Lee county, the appellant was indicted for selling intoxicating liquors to minors. At the same term the venue was, upon the application of appellant, changed to DeKalb county, where, at the February term of the circuit court, a trial was had, resulting in his conviction. He brings the record here, and assigns various errors.

Mr. D. D. O'BRIEN, for appellant; that the record should show that the grand jury was sworn, cited Yates v. The People, 38 Ill. 532; Williams v. The People, 54 Ill. 422; Gardner v. The People, 3 Scam. 83; 1 Bishop's Crim. Pro. § 1171; 1 Arch. Crim. Pl. § 76; State v. Fields, 1 Peck, 140; State v. Hunter, Peck, 166.

The statement in the indictment that the grand jury was sworn will not cure the defect: Foster v. The State, 31 Miss. 421; Abram v. State, 25 Miss. 589; Bishop's Crim. Pro. § 1171; 2 Hale's P. C. 165; 1 Chitty's Crim. Law, 327; Rose v. State, Miner, 28; Nales v. State, 25 Ala. 672; State v. Gilbert, 13 Vt. 647; 2 Bishop's Cr. Pro. § 662.

The history of the case, the venue and its return, and who presided as judge, should be shown in the caption proper: Reeves v. State, 20 Ala. 33; State v. Hunter, Peck, 166; State v. Fields, Peck, 140; State v. Williams, 2 McCord, 301.

The certificate of the clerk did not show that the papers transmitted from Lee Circuit Court were the original papers in the case, nor did they show that the transcript contained a copy of the order for change of venue: Rev. Stat. 1874, 1096, § 28; Wight v. Kirkpatrick, 4 Scam. 340; Granger v. Warrington, 3 Gilm. 299.

In admission of record evidence as to age, it should appear the record was made at or near the time of the birth: 1 Wharton's Ev. § 238; Dillon v. Tobin, 6 Cent. Law Jour. 285; 1 Greenlf. Ev. § 103.

The rule of primary and secondary evidence is strictly adhered to in cases of declarations as to age: 1 Phil. Ev. 252; Greenwood v. Spiller, 2 Scam. 503; 3 Starkie's Ev. 1103; Jackson v. Browner, 18 Johns. 37.

Hearsay evidence of the date of birth is admissible only in cases of pedigree: 1 Greenlf. Ev. § 104; 1 Phil. Ev. 248; Albertson's Lessee v. Robeson, 1 Dallas, 9; Figg v. Wederborne, 6 Jur. 218; Whittnick v. Waters, 4 C. & P. 375; Roe v. Neal, Dudley, 15; 1 Whar. Ev. § 208; Rex v. Eriswell, 7 T. Rep. 707; Rex v. Abergwilly, 2 East. 63; Rex v. Erith, 8 East, 539; Rex v. Risworth, 2 Q. B. 476; Rex v. Yelverton, 6 Q. B. 800; Mima Queen v. Hepburn, 7 Cranch. 291; The People v. Etz, 5 Cow. 320; Braintree v. Hingham, 1 Pick. 245; Wilmington v. Burlington, 4 Pick. 174; Independence v. Prompton, 4 Halst. 209; Shearer v. Clay, 1 Litt. 260; Town of Union v. Plainfield, 39 Conn. 563; Roscoe's Crim. Ev. 25; Westfield v. Warren, 3 Halst. 349.

Everything which goes to affect the credit of a witness is material: Blake v. Blake, 70 Ill. 618; Morgan v. Frees, 1 Am. Law Reg. 92; Commonwealth v. Hurst, 4 Gray, 421; Thomas v. Davis, 7 C. & P. 350.

A question having no bearing upon the matter in issue may be made material by its relation to the witness' credit: 1 Greenlf. Ev. § 449; Reg. v. Overton, 2 Mod. Cr. Cas. 263.

Mr. JAMES K. EDSALL, for appellee; that the certificate of the clerk is in conformity with the statute, cited Rev. Stat. 1880, 1104, § 28.

A witness is a competent witness to prove his own age: Hodgen v. Henrichsen, 85 Ill. 259.

PILLSBURY, J. We shall notice only one question made upon this record, as that, in our opinion, is decisive of the case: that

it is not shown by the record that the grand jurors which found the indictment were ever sworn.

The only reference to the organization of the grand jury in the record of the Lee Circuit Court is the following:

"And now on this day come the grand jurors heretofore empaneled for this term of the court, in answer to their respective names: and here in open court, through their foreman, Thomas I. Angier, Esq., present the following bills of indictment," the indictment in question being one of those presented.

The indictment contains the statutory commencement, in which is recited that the grand jurors chosen, selected and sworn, etc., make the presentment.

"To empanel," says Bouvier, is "the writing the names of a jury on a schedule, by the sheriff or other officer lawfully authorized."

No inference can therefore be drawn from the use of the word "empaneled" in the record, that the jurors were sworn.

That it is essential to sustain a conviction that the record show affirmatively that the grand jurors were sworn, is abundantly sustained by the authorities. Bishop on Cr. Pro. Vol. 1, § 1,171. Chitty on Cr. Law, Vol. 1, * 334 ; People v. Guernsey, 3 Johns. Cas. 265; Grandison v. The State, 2 Humph. 451. And where the record stated that the foreman of the grand jury was sworn, this was held not to be sufficient to raise the presumption that the other jurors were sworn, in the absence of any finding of record. Cody v. The State, 3 How. Miss. 27.

It is a requirement of the criminal law, that the indictment must appear in its recitals to have been found upon the oaths of the grand jurors, but this requirement was not intended as record evidence that the grand jury was properly impaneled and sworn, neither does our statute make such statement of the jury in the indictment record evidence of such facts.

We think the recitals of the indictment cannot supply the want of a record in essential matters.

It was so adjudged in Cody v. State, *supra*, and reaffirmed in Foster v. State, 31 Miss. 421, and it was said in Yates v.

The People, 38 Ill. 527, that "the essential point is, that the record should show that a grand jury duly qualified, returned the indictment into open court."

It has always been supposed that it was one of the essential qualifications of a grand jury, that the members thereof should be sworn, as prescribed by the statute.

The judgment will be reversed and the cause remanded.

Reversed and remanded.