GEORGE ZAPF, PLAINTIFF IN ERROR, VS. THE STATE
OF FLORIDA, DEFENDANT IN ERROR.

1. A record which only shows that a "jury were impaneled to try this cause," is fatally defective in not showing that the jury was sworn.

2. The fact of the jury being sworn should appear of record, and a recital that they were sworn in the b'll of exceptions does not cure the defect.

3. There is no inference that the jury was sworn from the use of the word "impaneled." Impaneling has nothing to do with the drawing, selecting and swearing jurors, but simply means making the list of those who have been selected.

Writ of Error to the Circuit Court for Dade county.

The facts of the case are stated in the opinion of the court.

*Robbins, Graham & Chillingworth*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

LIDDON, J.:

The plaintiff in error was indicted and convicted of the crime of keeping a gambling house. Numerous errors are assigned, but a vital one occurring at the beginning of the trial, those subsequently appearing are not open for discussion. The only entry in the record as to the calling of a jury in the case is as follows: "The State of Florida vs. George Zapf, indicted for keeping a gambling house. The following jury were impaneled to try this cause" (names of jurors here follow). The record is fatally defective in not showing that the jury were sworn. There is such a recital in the bill of exceptions, but that does not cure

the defect. The fact of the jury being sworn should appear of record. Brown vs. State. 29 Fla. 543, text 546, 10 South. Rep. 736. The statement that the jury was impaneled is not sufficient. There is no inference that the jury was sworn from the use of the word impaneled. Lyman vs. People, 7 Ill. App. 345. Impaneling has nothing to do with drawing, selecting or swearing jurors, but means simply making the list of those who have been selected. Black's Law Dictionary, *Title* Impanel, citing Porter vs. People *ex rel.* Cass, 7 How. Pr. 441, 6 Am. and Eng. Ency. of Law, p. 635; State vs. Potter, 18 Conn. 166, text 175, citing ancient English authorities.

What has been said disposes of the case. Another assignment of error is made that the record does not show that the defendant was present at his trial. This being a case of felony, such presence was necessary. Revised Statutes of Florida, § 2906. Without determining whether this assignment is or is not well taken, we desire to state that the record in this respect, and in all others, is extremely defective. The trial of this case below was a very remarkable proceeding, or the record gives a very incorrect account of it. We are inclined to believe the latter alternative. Upon future trials there should be more skill and care in keeping the record. The actual personal presence of the defendant at the trial should be made clearly to appear. If evidence was submitted to the jury, the record should state that fact.

The judgment of the court below is reversed and a new trial awarded.