## THE STATE v. MITCHELL, Appellant.

### Division Two, November 20, 1906.

**APPEALS: Jury Not Sworn: Judgment Reversed.** Where the record proper in a criminal appeal fails to show that the jury was sworn to try the cause, the judgment will be reversed and the cause remanded.

Appeal from Lincoln Circuit Court.—*Hon. H. W. Johnson*, Judge.

REVERSED AND REMANDED.

*Chas. Martin and E. B. Woolfolk* for appellant.

The record must show that the jury was not only impaneled but was also sworn to try the issues in the cause. State v. Potter, 18 Conn. 175; Zapf v. State, 35 Fla. 210; Rich v. State, 1 Tex. App. 209; Stephens v. State, 33 Tex. App. Cr. 101; Lyman v. People, 7 Ill. App. 345; State v. Pritchard, 15 Nev. 88; Lannaster v. State, 91 Tenn. 267; State v. Ostrander, 18 Iowa 446; State v. Schoenwald, 31 Mo. 147; State v. Temple, 194 Mo. 237; Brewer v. Jacobs, 22 Fed. 142.

*Herbert S. Hadley,* Attorney-General and *N. T. Gentry,* Assistant Attorney-General, for the State.

GANTT, J.—On an information filed by the prosecuting attorney of Lincoln county on September 22, 1903, the defendant was arraigned and tried at the April term, 1904, of the circuit court of said county and convicted of an attempt to rape.

After motions for a new trial and in arrest of judgment had been duly filed, heard and overruled, he appealed to this court. The sole error upon which a reversal is sought is that the record upon its face discloses that the jury which tried and convicted defendant was not sworn to try the cause and a true verdict render according to the law and the evidence.

When the prosecuting attorney discovered that the record entry of the empaneling of the jury and the trial of the cause failed to show that the jury was sworn to try the cause, he gave notice to the defendant and filed a motion for a *nunc pro tunc* entry showing the jury was sworn, but the circuit court, after hearing the evidence and examining the minutes of the judge and circuit clerk, refused to change the record. The error, if any, is one appearing upon the face of the record. The record recites the appearance of the State by the prosecuting attorney and of the defendant in his own proper person and by counsel, and that the following twelve were selected as a jury out of a panel of forty qualified jurors, to-wit (naming them), twelve good and lawful men summoned from the body of Lincoln county, and both parties announce ready for trial and thereupon the trial proceeds and the jury having heard the evidence, instructions of the court and argument of counsel, retire to their room to consider their verdict, are conducted into court by the sheriff and in the presence of the defendant return into court the following verdict: "We, the jury find the defendant guilty of at-

tempt to rape and we assess his punishment at three years in the State penitentiary."

In Zapf v. State, 35 Fla. 210, the record recited that "the jury was impaneled to try the cause," but the Supreme Court held that it was fatally defective because the fact that the jury was sworn did not appear in the record, and, further, that the statement that the jury was impaneled was not sufficient; that the word "impaneled" did not imply that the jury was sworn, citing Lyman v. People, 7 Ill. App. 345; State v. Potter, 18 Conn. 166. In the last-cited case is an exhaustive discussion of the meaning of the word "impaneled" in the common law and in English statutes. Among other things, the court said: "It is claimed that it means the jury sworn to try the cause; and that until sworn they are not empaneled. That they form a jury when thus empaneled, is true, but that they are not empaneled until sworn is not true. On the other hand, we learn from high authority that a jury are said to be empaneled when the sheriff has entered their names into the panel—a little piece of parchment. [Co. Litt. 158 b.]" In Rich v. State, 1 Tex. App. 206, the record recited: "The following jury was impaneled." Said the Court of Appeals: "The record nowhere shows that the jury were sworn in any manner. It may be said that the expression 'the court impaneled the following jury' necessarily implies that the jury were sworn, but we have examined Bouvier and Webster, and have been unable to find a definition of the word 'empaneled' or impaneled' which would authorize this construction. In American practice the word 'impaneled' is used of a jury drawn for trial for a particular case by the clerk, as well as a general list of jurors returned by the sheriff. . . . Or it may be contended that the court would not have overlooked so important a feature in the trial of so important a case as the swearing of the jury. We concede that it is not probable that so important a fact was omitted, but it

is the very object of making the record to perpetuate the transactions, and, the record purporting to state the transaction precisely as it occurred, what right have we to presume that it occurred in some other way?'' Accordingly, it was held insufficient.

To the same effect is Lyman v. People, 7 Ill. App. 345; Slaughter v. State, 100 Ga. 323; Hunnel v. State, 86 Ind. 431. In Missouri the statute, section 2627, Revised Statutes 1899, requires the jury to be impaneled and sworn.

As well said by Judge LUMPKIN, ''It is essential to the legality of any criminal trial that there should be a lawfully constituted tribunal; and where such trinunal is composed in part of a jury to whom the statute, in the plainest and most unmistakable terms, declares a given oath must be administered, how can the tribunal be considered as lawfully constituted unless the jurors actually take this oath either literally or in substance?'' [See, also, Dresch v. State, 14 Tex. App. 175.] As it is everywhere held that the record proper in a criminal appeal must show that the jury was sworn to try the cause and this record fails to do so, the judgment must be reversed and the cause remanded for a new trial.

*Burgess, P. J.,* and *Fox, J.,* concur.