STATE OF MISSOURI, Respondent, v. LEILA HURST, Appellant.

Kansas City Court of Appeals, February 4, 1907.

1. CRIMINAL LAW: Grand Jury: Swearing: Record. The administration of the statutory oath to the grand jury is indispensable and the record must affirmatively show such fact. Its bare statement is sufficient since therefrom the presumption will be indulged that it was administered in the statutory form and manner.

2. ———: ———: ———: Impanelment: Presumption. From the fact of impanelment there can be no presumption that the jury was sworn, since impanelment is the last act preceding the swearing.

3. ———: ———: ———: Charging: Presumption: Record. Nor can the swearing be inferred from the fact of charging and sending the jury to their labors. The record is conclusive as to the verity of what was done and can not be impeached by inference nor presumption.

4 ———: ———: ———: Record: Indictment: Statute. The record can not be contradicted nor pieced out by recitals in the indictment, since the jury's authority to indict must be contained in the record, and section 2535, Revised Statutes 1899, recognizes the fact that the oath is subsequent to and a distinct act from that of impanelment, and that the recitals of the indictment do not constitute record evidence of the facts pertaining to the organization of the jury.

Appeal from Ray Circuit Court.—*Hon. Samuel Davis,* Special Judge.

REVERSED.

*J. L. Farris, Jr.,* and *M. G. Roberts* for appellant.

(1) The swearing of the grand jury is absolutely essential to its organization. R. S. 1899, sec. 2486; 1 Bishop's Criminal Procedure, sec. 856 (1 Ed.), page 493; 10 Encyclopedia of Pleading and Practice, page

379; State v. Armstrong, 167 Mo. 267; Ridling v. State, 56 Georgia 601; Arthur v. State, 3 Texas 405. (2) The fact that the grand jurors were sworn must affirmatively appear from the record, or the indictment will be invalid, because it is not returned by a legally constituted grand jury. Lyman v. People, 7 Ill. App. 347; Bruen v. People, 206 Ill. 424; Sullivan v. People, 156. Ill. 95; Williams v. People, 54 Ill. 424; Yates v. People, 38 Ill. 527; Foster v. State, 31 Miss. 421; Abram v. State, 25 Miss. 589; Cody v. State, 3 Howard (Miss.) 27; Baker v. State, 39 Ark. 180; Brown v. State, 74 Ala. 482; Sutton v. State, 41 Texas 514; State v. Tilly, 8 Tenn. 381; State v. Loving, 16 Texas 499; Young v. State, 23 Ohio 578; Arthur v. State, 3 Texas 405; Wharton, Criminal Pleading and Practice (9 Ed.), sec. 343; 27 L. R. A. 776; 20 Cyc. 1320. (3) The recital in the indictment that the grand jury were sworn does not remedy the fatal defect in the record itself for the reason that the record may aid the indictment, but the converse of such proposition is not true. Cody v. State, 3 How (Miss.) 27; Abram v. State, 25 Miss. 589; Lyman v. People, 7 Ill. App. 347; Yates v. People, 38 Ill. 527; 2 Hale P. C. 165; 1 Chitty, Criminal Law, 327, and other authorities cited under point one. (4) No inference can be drawn from the word "empaneled" in the record that the grand jurors were sworn. State v. Ostrander, 18 Iowa 435; 1 Bouvier's Dictionary (Rawle's Revision), 988; Lyman v. People, 7 Ill. App. 347; 55 Fed. 928; Anderson's Dictionary.

*Albert P. Hamilton* and *George W. Crowley* for respondent.

(1) The respondent asserts the record is full enough to constitute a legally organized grand jury. State v. Bobbst, 131 Mo. 335; State v. Lord, 118 Mo. 1. (2) The records in this case show that the grand jury was "duly impaneled" and further recites that after being

duly charged, retired to consider their presentments. It is undeniable that the court would not deliver a charge to a body of men which had not been duly sworn as required by law. State v. Howard, 118 Mo. 135. Further, it was the duty of the clerk to swear the grand jury, and nothing to the contrary appearing this court will presume that the clerk did, in fact, administer the oath required by law to the grand jury. (3) It is held in the case of Bird v. State, 53 Ga. 602, where the defendant filed a plea in abatement, where the record showed the grand jury was duly "impaneled" it is imported that the grand jury was sworn.

JOHNSON, J.—Defendant was indicted, tried and convicted in the circuit court of Ray county on the charge of keeping a bawdy house and after her motions for a new trial and the arrest of judgment were overruled appealed to this court.

Before arraignment, defendant by plea in abatement and afterward by motion to quash the indictment, both of which the court heard and overruled, challenged the indictment on the ground, among others, that "The records fail to show that the grand jury returning the indictment against this defendant were sworn as the law directs." Defendant in support of plea and motion introduced the record entries relating to the constitution of the grand jury. That against which the objection is leveled is as follows: "Now comes Elmer Cates, sheriff, and returns into court the following grand jury venire (naming the persons summoned). The following are duly impaneled as grand jurors, to-wit (naming them). And said grand jury after being duly charged by the court, the court appoints E. C. Gaolder foreman and the said grand jury retire to consider their presentments." It will be noticed the record does not affirmatively state that the jury was sworn, but it is argued by the learned counsel for the State that the word, impan-

eled, as employed in the entry by reasonable construction includes the act of taking the statutory oath; that the presumption should be indulged that the trial judge would not have charged the jury until it had been sworn and that the presence in the indictment itself of the recital that the jury was sworn cures the defect in the record if any exists. ·

The administration of the statutory oath is indispensable. [Secs. 2486, 2489, R. S. 1899.]   Without it the grand jury is not a legally constituted body and has no authority to perform the important functions of that office.   To properly safeguard life and personal liberty the law deems it essential that before approaching their work the members of the jury should lay on conscience, in the most solemn form of declaration known to the law, the obligations embodied in the form of oath prescribed.   Omission of this most important prerequisite invalidates the acts of the grand jury and an indictment returned by it will not support a conviction provided objection be made thereto in proper form and time as was done in the present case. [State v. Mitchell, — Mo. —, 97 S. W. 561; Lyman v. People, 7 Ill. App. 345; Bruen v. People, 206 Ill. 424; 1 Bishop's Crim. Proc., sec. 856; 10 Ency. of Pl. and Pr., 379.]   The record must affirmatively show the performance of the prerequisites essential to the constitution of a legal grand jury; among them, the fact that the jury was sworn.   The bare statement of that fact is sufficient, since from it the presumption will be indulged, nothing to the contrary appearing, that the oath was administered in the form and manner prescribed by the statute.   [Arthur v. State, 3 Tex. 403; Lyman v. People, supra; Bruen v. People, supra; Sullivan v. People, 156 Ill. 95; Yates v. People, 38 Ill. 527; Foster v. State, 31 Miss. 421; Abram v. State, 25 Miss. 589; Baker v. State, 39 Ark. 180; Brown v. State, 74 Ala. 482; Wharton Crim. Pleading and Practice (9 Ed.), sec. 343.]

We cannot presume the jury was sworn from the statement that it was impaneled. The scope of the act of impaneling the jury is very clearly defined in this excerpt from the case of State v. Ostrander, 18 Iowa 446: "The word impaneled means the final formation by the court of the jury. It is the act that precedes the swearing of the jury and which ascertains who are to be sworn." This definition has the support of our own Supreme Court in the recent case of State v. Mitchell, supra, and of other authorities. [Lyman v. People, supra; Clough v. United States, 55 Fed. 921; 1 Bouvier's Law Dict. (Rawle's Revision), 988; Anderson's Dictionary; 4 Words and Phrases Judicially Defined, 3417.]

Nor can any inference be drawn that the jury was sworn from the fact that the court delivered its charge and sent them to their labors. The precise point was determined in State v. Mitchell, supra: "Or it may be contended that the court would not have overlooked so important a fact as the swearing of the jury. We concede that it is not probable that so important a fact was omitted, but it is the very object of making the record to perpetuate the transactions and, the record purporting to state the transaction precisely as it occurred, what right have we to presume that it occurred in some other way?" The fact that the record is conclusive as to the verity of its recitals and professes to state all that did occur precludes the presumption that something not stated therein in fact occurred. Certainly, the verity of a record cannot be impeached by inference nor by the presumption that the officers of the court have done the things they should have done.

Equally is it true, that the record, as the facts relating to the organization of the grand jury into a legally constituted body, cannot be contradicted or pieced out by recitals in the indictment. As was said in Abram v. State, 25 Miss. 589: "The record may aid the indictment but not *e converso*. For the authority of the jury

to find the indictment must be contained in the record and the bill becomes no part of the record until it is acted upon and returned into court in the manner prescribed by law." In Illinois, under a statutory requirement that the indictment must appear in its recitals to have been found upon the oaths of the grand jury, it was held in Lyman v. The People, supra, that "this requirement was not intended as record evidence that the grand jury was properly impaneled and sworn, neither does our statute make such statement of the jury in the indictment record evidence of such facts."

In section 2535, R. S. 1899, it is provided that, "No indictment . . . shall be deemed invalid . . . for an omission to allege that the grand jurors were impaneled, sworn or charged." We deem this to be a legislative recognition of the facts: first, that the administration of the oath to the grand jury is a subsequent and distinct act from that of impanelment; second, that the recitals in the indictment do not constitute record evidence of facts pertaining to the organization of the grand jury into a legal body. Such recitals belong properly to the caption of the indictment and not to the indictment itself. [2 Hale, P. C., 165; 1 Chitty, Criminal Law, 327; Cody v. State, 3 Howard (Miss.) 27; Foster v. State, supra.]

It follows that the judgment must be reversed All concur.