CLENDENNING v. STATE.

Opinion delivered September 25, 1922.

1. CRIMINAL LAW—FAILURE OF RECORD TO SHOW THAT JURY WAS SWORN.—Where the record in a felony case fails to show that the jury was sworn as required by statute, a conviction will be reversed.

2. CRIMINAL LAW—FAILURE TO PROVE VENUE.—Where there was no evidence tending to show where the alleged offense was committed, a conviction will be set aside.

3. CRIMINAL LAW—FAILURE TO PROVE WHEN OFFENSE WAS COMMITTED.—Where the State failed to prove that the defendant made mash and possessed an unregistered still subsequent to the enactment of Acts 1921, p. 372, convictions for such offenses will be reversed.

4. CRIMINAL LAW—JUDICIAL NOTICE.—The courts will not take judicial notice of the location of property owned by a private corporation.

Appeal from Mississippi Circuit Court, Osceola District; *R. E. L. Johnson,* Judge; reversed.

*D. F. Taylor* and *Prewitt Semmes,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

McCULLOCH, C. J. Two separate indictments against appellant were returned by the grand jury for the Osceola District of Mississippi County, one charging the crime of making mash, and the other the crime of keeping an unregistered still. The two cases were consolidated by consent and tried together, and the result was appellant's conviction under both charges.

The Attorney General confesses error on three grounds; first, that the record fails to show that the trial jury was sworn as required by statute; second, that there was no proof tending to establish the venue; and third, that there was no proof tending to show the commission of either of the offenses after the enactment of the statute creating the offenses, which was approved March 23, 1921, Acts 1921, p. 373.

We are of the opinion that the confession of error is well founded and that the judgment must be reversed on each of the grounds stated above. A careful search of the record discloses nothing which shows that the trial jury was sworn, nor is there any evidence tending to show where the alleged offenses were committed. Witnesses testified that they found the mash and still at the home of appellant, on the property of the Three States Lumber Company, but the record does not show whether that property was in Mississippi County, or elsewhere. The trial court could not take judicial knowledge of the location of individual property, or property owned by a private corporation.

The State also failed to prove the dates of the alleged offenses, and failed to prove that the time appel-

lant made the mash and had the still in his possession was subsequent to the date of the enactment of the statute creating those offenses.

It is unnecessary to discuss other assignments of error, for upon the grounds stated above the judgment will be reversed and the cause remanded for a new trial.