## Commonwealth ex rel. Tate, Appellant, *v.* Banmiller.

Submitted April 30, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Richard E. Tate,* appellant, in propria persona.

*Richard M. Martin,* Assistant District Attorney, and *William C. Storb,* District Attorney, for appellee.

OPINION BY MR. JUSTICE BELL, June 30, 1958:

Tate was found guilty by a jury on September 13, 1950, of murder in the first degree and the penalty was fixed at life imprisonment. On May 23, 1957, Tate filed a petition for a writ of habeas corpus. The lower court granted a rule to show cause and appointed a qualified member of the Lancaster Bar, who was Tate's co-counsel at the time of his original trial, to represent him in the present habeas corpus proceeding. The lower court, after hearing argument, dismissed Tate's petition and this appeal followed.

Tate contends he was denied due process because the jury was not sworn as a body, although each individual juror was duly sworn, after being chosen, in the trial of the murder indictment. In a trial by jury in a criminal case, it is well settled that there are some matters which a defendant can waive and other matters and safeguards, which are so fundamental in nature, and implicit in trial by jury, that even the defendant cannot waive in a capital case: *Commonwealth v. Petrillo,* 340 Pa. 33, 34-46, 16 A. 2d 50. A defendant in a trial by jury in a criminal case, cannot constitutionally waive a swearing of the the jury: *Commonwealth v. Robinson,* 317 Pa. 321, 176 A. 908. However, there is no uniform or prescribed method of qualifying a jury by oath; in some counties jurors, after being chosen, are sworn individually, while in other counties the oath is not administered until the entire jury is chosen and the jury is then sworn. The system of swearing individual jurors prevails in Philadelphia County and has been approved by this Court in *Com-*

monwealth v. Curry, 287 Pa. 553, 135 A. 316; Alexander v. Commonwealth, 105 Pa. 1; Commonwealth v. Almeida, 362 Pa. 596, 636, 68 A. 2d 595. Since in this case each juror was sworn individually after he or she had been chosen, the fact that they were not sworn as a body after all of them had been chosen did not constitute a violation of due process or of any of defendant's other Constitutional rights.

Tate's next contention is that the sentence of life imprisonment was void because the sentencing judge failed to ask him if he had anything to say why sentence should not be passed upon him. The record fails to show whether this question was asked prior to imposing sentence, but the sentencing judge certified that it was his recollection and the recollection of the deputy clerk, as well as the recollection of counsel for Tate that the question was asked Tate at the time of sentence. In Commonwealth v. Senauskas, 327 Pa. 541, 194 A. 646, this Court, after reviewing the common law rule, prior decisions, and the reason for the rule, said (page 549) : "The practice of propounding to a prisoner in a capital case the above stated question [whether defendant had anything to say why sentence of death should not be pronounced against him] has been long followed and . . . careful judges will continue to make in such cases this ancient inquiry in unequivocal language. Failure to do so will constitute reversible error *only when it is shown that the prisoner has been thereby prejudiced.*"*

The Act of June 24, 1939, P. L. 872, §701, 18 P.S. 4701, provides pertinently as follows: ". . . Whoever is convicted of the crime of murder of the first degree is guilty of a felony and shall be sentenced to suffer death in the manner provided by law, or to undergo imprison-

---

* Italics throughout, ours.

ment for life, at the discretion of the jury trying the case, which shall fix the penalty by its verdict. The court shall impose the sentence so fixed, as in other cases. . . ." If there were error in this case it would be harmless error (1) because the jury's verdict fixed the penalty at life imprisonment and the Court is required by statute to "impose the sentence so fixed"; and (2) because failure to ask such question does not void the conviction but merely entitled defendant to a resentencing: *Commonwealth ex rel. Ashmon v. Banmiller,* 391 Pa. 141, 137 A. 2d 236.

The third contention made by Tate is that he was denied due process because the lower Court disposed of his petition for a writ of habeas corpus without a hearing and in the absence of Tate. The questions and issues raised in the petition for a writ of habeas corpus raised no questions of fact, but solely questions of law. The lower Court appointed counsel for Tate and, we repeat, heard argument by counsel on Tate's petition.

In *Commonwealth ex rel. Kennedy v. Mingle,* 388 Pa. 54, 130 A. 2d 161, this Court rejected a similar contention. The Court in its opinion said (pages 59-60): "The Habeas Corpus Act of May 25, 1951, P. L. 415, §5, 12 PS §1905, provides: 'In ordering the writ to issue, or in awarding a rule to show cause, the judge shall fix a date for a hearing, which shall be held as promptly as may be, and may or may not order the relator to be produced at the hearing, as the circumstances may warrant, . . .'. Apart from this Act production of relator in court when no factual issues requiring the taking of testimony are presented is not necessary: Commonwealth ex rel. Burge v. Ashe, 168 Pa. Superior Ct. 271, 77 A. 2d 725; Commonwealth ex rel. Wolcott v. Burke, 173 Pa. Superior Ct. 473, 98 A. 2d 206; Commonwealth ex rel. Haines v. Burke, 173 Pa. Superior Ct. 477, 98 A. 2d 208; Commonwealth ex rel. Luzzi v. Tees, 176

Pa. Superior Ct. 528, 108 A. 2d 921. In the recent case of Commonwealth ex rel. Herge v. Martin, 387 Pa. 117, 126 A. 2d 711 (cert. den. by U. S. Supreme Court), affirmed on the opinion of the court below: (See 6 D. & C. 2d 589), where a hearing was held on a petition for a writ of habeas corpus and the testimony of witnesses received in the absence of the petitioner, we approved the ruling of the court below that under the circumstances the petitioner possessed no right to be present."

Tate's petition is devoid of merit.

The order of the court of common pleas dismissing the petition for writ of habeas corpus and discharging rule to show cause why the writ should not issue, is affirmed.