BARHAM, Justice
(dissenting).
I am in total agreement with the majority that we may not consider the bills of exception or any of the evidence and are required by Article 920(2) of the Code of Criminal Procedure only to inspect the “pleadings and proceedings” in this case to determine whether there is reversible error. After a careful review of the record, however, I find prejudicial and reversible error.
The detailed and lengthy minutes, which constitute the official record of the proceedings of the trial court, fail to disclose that the selected petit jurors were sworn.
On April 2, 1968, the prospective petit jurors called for service were administered the oath for their voir dire examination, and the court began the selection of a jury. Repeatedly the minute entries show that certain named persons were “selected and empanelled” to try the case.[1] On April S, with the selected jury present in the courtroom, the bill of indictment and the defendant’s plea thereto were read, opening statements were made, and the first witness was called. The proceedings continued until a verdict of guilty without capital punishment was rendered on April 11 and a sentence of life imprisonment pronounced on May 10.
The minutes do not state that any individual juror or the jury as a whole was *111 sworn to try the case,[2] and the words “selected and empanelled” used in the minutes do not mean, or even imply, that the jury was sworn.[3] Thus the record — the pleadings and proceedings — fails to show that the jury which convicted this defendant was sworn.
There are some holdings by the courts of other states that failure to swear the jury in a criminal case deprives the accused of his constitutional right to a trial by jury (Howard v. State, 80 Tex.Cr.R. 588, 192 S.W. 770, LRA 1917D 391; Commonwealth ex rel. Tate v. Banmiller, 393 Pa. 496, 143 A.2d 56; People v. Pelton, 116 Cal.App.Supp. 789, 7 P.2d 205), and it is uniformly held that the defendant is entitled to have the jury sworn. 50 C.J.S. Juries' § 294. A diversity arises in other jurisdictions on the question of whether it must affirmatively appear in the record that the jury was sworn.
It has been consistently held in Louisiana not only that the jury must be sworn, but that the record must affirmatively show that the jury was sworn, and that lack of such a showing will be noted as error “patent upon the face of the record”. State v. Prater, Man.Unrep.Cas. 307; State v. Gates, 9 La.Ann. 94; State v. Phillips, 28 La.Ann. 387; State v. King, 28 La.Ann. 425; State v. Douglass, 28 La.Ann. 425; State v. Calvert, 32 La.Ann. 224.[4] The general holding of these decisions is, as *113 stated in the Gates case: “We think that the record of conviction is defective, in not showing that the jurors who tried the issue were sworn. The original entry on the minutes enumerates the jury; but does not state that they were sworn, and this material fact cannot be supplied in a criminal case by the presumption of omnia rite acta, but should appear upon the record itself. * * *»[5]
The majority viewpoint in this country is in accord with the Louisiana jurisprudence. See Anno. LRA 1917D 399; State v. Mitchell, 199 Mo. 105, 97 S.W. 561, 8 Ann.Cas. 749; State v. Duff, 253 Mo. 415, 161 S.W. 683; State v. Berry, Mo., 195 S.W. 998; Hubbard v. People, 197 Ill. 15, 63 N.E. 1076; People v. Gray, 261 Ill. 140, 103 N.E. 552; (contra but not followed: People v. Blevins, 251 Ill. 381, 96 N.E. 214) ; Clendenny v. State, 154 Ark. 596, 243 S.W. 863; Commonwealth v. Robinson, 317 Pa. 321, 176 A. 908; Hines v. State, 238 Ala. 575, 192 So. 423; Brown v. State, 29 Fla. 543, 10 So. 736; Zapf v. State, 35 Fla. 210, 17 So. 225. For authorities which state the “general rule” and the “overwhelming weight of authority” (to which the Louisiana rule conforms), see 17 C.J. Criminal Law § 3401; 35 C.J. Juries § 498; 24A C.J.S. Criminal Law § 1732 ; 8 Ann. Cas. 750; Anno. LRA 1917D 399. A few *115 states hold the minority view that affirmative proof of the swearing is not essential.[6]
The detailed and lengthy minutes before this court contain no showing whatever that the jury was sworn. The Louisiana statutory law specifically requires the swearing of the jury; there is no jury until the jurors are sworn. The term “selected and empanelled” is not synonymous with, nor does it imply, the swearing of the jury. The jurisprudence of this court is unwavering and is in accord with the majority rule that without an affirmative showing that the jury was sworn the verdict and sentence must be reversed. Therefore, on this appeal, which requests a reversal, the conviction and sentence should be annulled and the case remanded for a new trial.
Although the error discussed above is sufficient to dispose of the appeal, there is another error apparent from a mere reading of the minutes which also would warrant reversal. While the law does not require that minutes be so complete and detailed as these in this case, they must be accepted as constituted and as approved by the trial judge. In perusing this official record of the proceedings this court cannot select and choose only what it might wish to notice, but must review any and all possible errors.
According to the minutes, the defendant moved in open court that all witnesses be removed and excluded from the courtroom during the trial except when called upon to testify. The State moved to have excepted from the exclusionary rule the chief prosecuting, the complaining witness in this, a rape case. As the minutes show, over the objection of the defendant the court permitted this witness to remain in the courtroom.[7]
Code of Criminal Procedure Article 764 provides: “Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom *117 ■or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.” (Emphasis supplied.) Although the •comment of the redactors calls this article “a stylistic revision” of former R.S. 15:37l, a comparison of the two articles and a consideration of the unambiguous language of the present article compel a different conclusion. Former R.S. 15:371 was a discretionary statute, and early cases interpreting it gave broad discretion to the trial judge in excepting certain witnesses from “the rule”. However, even under the former law the judge’s discretion was not absolute and unreviewable, and if it was arbitrarily or unreasonably exercised to the prejudice ■of the accused, this court would reverse. See State v. Carter, 206 La. 181, 19 So.2d 41, and State v. Lewis, 250 La. 876, 199 So.2d 907. In the Lewis case the State’s •only two witnesses were allowed to remain in the courtroom. In the Carter case the two complaining witnesses were excluded, but three other important witnesses were permitted to remain. In each case the conviction and sentence were reversed on the ground that to allow such State’s witnesses to remain in the courtroom to hear and see what transpired while all others were excluded deprived the accused, for all practical purposes, of his right of cross-examination.
Under our present law it is mandatory for the judge to exclude the witnesses when motion is made by either the State or the defense, and modification of the exclusionary order is allowed for only one purpose: The order may be modified “in the interest of justice”. To permit the complaining witness, who is also the principal witness against the accused, to hear the testimony of other witnesses, as occurred in this case, is “unquestionably a distinct advantage to the State and a disadvantage to the defendant”. State v. Carter, supra. I cannot believe that the exception made by the trial court was in the “interest of justice” or that it served this end. It is apparent from an inspection of the official minutes that the defendant was thus deprived of free and effective cross-examination of the complaining witness, and that this is further prejudicial and reversible error.
I therefore respectfully dissent.

. The minutes of April 2 state:
“Thereupon, the following Jurors were duly [s] elected and empanelled to try this case, to-wit: “(1) Jack Wilson Eversull, Jr., and (2) Paul Timothy Lane. {< i¡t * Sic
“Thereupon, the following Juror was duly selected and empanelled to try this case, to-wit: (3) Henry Phillips. « * tji * »
The minutes of April 2 and 3, in the same terminology, record that jurors nos. 4 through 12 and one alternate juror were “selected and empanelled” to try this ease. The minutes of April 3 continue :
“And the Jury selected and empanelled to try this case is as follows: [The names of the 12 jurors and one alternate are here reinseribed.] “ * * * ”

. Our law requires that the jurors be sworn. Code of Criminal Procedure Article 788 reads in part: “ * * * When a prospective juror is accepted by the state and the defendant, he shall he sworn immediately as a juror. * * * ” Article 789 concerns alternate jurors, and provides, among other things, that they be “called and impaneled” to sit and that they “shall take the same oath” as the principal jurors. Article 790 provides: “A juror shall he sworn to try the case in a just and impartial manner, to the best of his judgment, and to render a verdict according to the law and the evidence.” (Emphasis supplied.)

. “Impanel” : In English practice, “to impanel” signifies the entry upon a piece of parchment, termed a “panel”, of the names of the jurors. In American practice, “to impanel” signifies the listing of jurors who have been selected to try a[1] particular ease. Black’s Law Dictionary (DeLuxe ed.1944); Bouvier’s Law Dictionary (Bawle’s ed. 3rd rev.1914) ; 35 C.J. Juries § 485; 20 Words & Phrases (Perm, ed.), “impanel”, p. 287; Webster’s New International Dictionary (2nd ed. unabridged 1938) ; Random House Dictionary (Unabridged ed.1960-67); State v. Mitchell, 199 Mo. 105, 97 S.W. 561, 8 Ann.Cas. 749; State v. Hart, 331 Mo. 650, 56 S.W.2d 592; Rich v. State, 1 Tex.App. 206; Porter v. People ex rel. Cass, 7 How.Pr. (N.X.) 441. “Impanel” does not mean or include the swearing of the jury, Zapf v. State, 35 Fla. 210, 17 So. 225; State v. Ostrander, 18 Iowa 435, 446. Louisiana jurisprudence treats “impaneling” as the selecting and listing of the jurors.

.Under our former law a reviewing court was required to consider “error patent on the face of the record” (former R.S. 15:558) even in the absence of bills of exception, and this term was defined by former R.S. 15:503 and the jurisprudence as error “discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence”. This same requirement, in almost identical language, is incorporated *113 in Article 920(2) of our present Code of Criminal Procedure. State v. Nicolosi, 128 La. 836, 55 So. 475, gave as one of the examples of errors patent on the face of the record “ * * * the cases where the minutes did not show that the jury was sworn * * * ”, and cited State v. Gates; State v. Phillips; State v. King; State v. Douglass, and State v. Calvert, all of which I have cited above. It should be noted that these holdings (1854^-1880) were made when the facilities for preparing a complete and accurate record of the proceedings were far more inadequate and inefficient than they are today.

. It cannot be presumed but must be affirmatively shown that the jury was in fact sworn. This rule does not conflict with the generally accepted legal theory, also followed in Louisiana, that once a jury is shown to have been sworn, the presumption arises that the oath was properly administered (“omnia rite acta”). See State v. Houck, 199 La. 478, 6 So. 2d 553, which held after a review of the minutes for “patent error” that a minute entry “ ‘ * * * whereupon the following named jurors were duly and legally called, selected and sworn’ ” fulfilled the requirement of an affirmative showing of an oath-taking. See also State v. Jones, 163 La. 51, 111 So. 492. In State v. Hoover, 203 La. 181, 13 So.2d 784, a bill of exception in connection with a motion for a new trial was taken to the trial court’s refusal to amend the minutes which reflected that the jury was duly sworn. This court held that the minutes themselves were sufficient and, additionally, that the evidence taken upon the motion supported the minute entry. There is dictum in that case that failure to object in regard to the jury’s oath is a waiver; but this dictum can only refer to defects in manner and form (to which “omnia rite acta praesumuntur” applies) and not to the total lack of oath, for such a statement is contrary to all Louisiana jurisprudence and to the overwhelming authority that the swearing of the jury cannot be waived by silence or presumed.

. The courts of some of these states, such as Texas, are hound by a statute of presumption. See Howard v. State, 80 Tex. Cr.R. 588, 192 S.W. 770, LRA1917D 391, citing the Texas Revised Code of Criminal Procedure 1911 Art. 938. South Carolina recognizes the general rule “ * * * that the ‘record’ of a criminal trial must affirmatively show that the jury was sworn, and if it does not, the conviction must be reversed”. State v. Hollman, 232 S.C. 489, 102 S.E.2d 873. After citing the majority holdings, the court in that ease reasoned that it could not apply the general rule because its rules for review limited its inspection, to a “statement” made by the parties, which need not include a statement that the jury was sworn.

. The minutes further record that the defendant objected upon four occasions to this ruling, contending that he intended to impeach the complaining witness, that to except her from the rule infringed upon his right to cross-examine her, that this witness would hear testimony regarding matters about which she would later testify, and that she in fact testified concerning matters previously related by other witnesses on the stand.